AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ARTHUR RENOWITZKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RENOWITZKY,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM'S CHAPEL AND MORTUARY, INC.; LISA BRADSHAW LIVING TRUST,<br><br>　　　Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*)*;* INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

　　　Plaintiff ARTHUR RENOWITZKY complains of Defendants GRISSOM'S CHAPEL AND MORTUARY, INC.; LISA BRADSHAW LIVING TRUST, and each of them, and alleges as follows:

　　　1.　　**INTRODUCTION:**  During the pandemic, it is particularly important in the public interest that funeral homes comply with laws requiring "full and equal access" for disabled persons who must attend funeral services in their wheelchairs when attending mourning services for family and friends of recently deceased loved ones.  On April 6, 2021, Plaintiff, a paraplegic wheelchair user, was denied proper access to disabled parking, paths of travel, and seating inside the chapel at the Defendants' Grissom's Chapel and Mortuary located at 267 E. Lewelling Blvd.,

San Lorenzo, California. Plaintiff experienced difficulty and embarrassment as a result of discrimination on the basis of his disability due to the lack of accessible parking and seating which detracted from his ability to support his friend whose father had just died. The discrimination caused him substantial difficulty and embarrassment at an already difficult time. Instead of being able to provide timely and undistracted support for one of his closest friends who was grieving the loss of her father, he was late to the funeral service due to the lack of sufficient number of designated accessible parking spaces. Then once inside, he was forced to sit at the back of the chapel away from his friends due to the lack of accessible seating and space for his wheelchair anywhere else. These barriers were foreseeable impediments to wheelchair using disabled persons who would attend funerals at the Funeral Home. Plaintiff suffered the humiliating loss of his federal and state civil rights because the Defendant owners and operators of these particular facilities failed to provide the most basic access for disabled persons who would attend as mourners and supporters of survivors.

2. Plaintiff seeks to require that the facilities be made accessible, and that he be compensated for his own personal physical, mental and emotional damages including the embarrassment of being late to the funeral due to the lack of accessible parking spaces and being separated from his friends during the funeral service due to the lack of accessible seating within the chapel area. In addition to requiring that Defendants' facilities be made more accessible to disabled persons, as required by federal and state laws, Plaintiff seeks compensation for his personal damages, and recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this action.

3. Defendants denied disabled Plaintiff ARTHUR RENOWITZKY accessible public facilities, including compliant disabled accessible parking at the Grissom's Chapel and Mortuary. Plaintiff ARTHUR RENOWITZKY is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons. On or about April 6, 2021, Plaintiff was denied his civil rights to full and equal access at Grissom's Chapel and Mortuary under both California law and federal law, and continues to have his rights denied, because these

facilities were not, and are not now, properly accessible to physically disabled persons, including those who must use a wheelchair or other assistive device for mobility due to the failure of Defendant owners and operators of the facilities to comply with the law.

4.      Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, and repair the lack of access which is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

6.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8.      **PARTIES:**  Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia, and who requires use of a wheelchair for locomotion.  He also owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.

9.      Defendants GRISSOM'S CHAPEL AND MORTUARY, INC.; and LISA

BRADSHAW LIVING TRUST, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10. Grissom's Chapel and Mortuary is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(F) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*. On information and belief, Grissom's Chapel and Mortuary and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
IN A PUBLIC ACCOMMODATION
(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

11. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 10, above, and incorporates them herein by reference as if separately repled hereafter.

12. Plaintiff ARTHUR RENOWITZKY and other similarly situated physically

disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

13. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Grissom's Chapel and Mortuary, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also

1  occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

2  19959.  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per

3  42 USC sections 12182 and 12183 of the ADA.

4        14.      **FACTUAL STATEMENT**:  Plaintiff Arthur Renowitzky founded the Life Goes

5  on Foundation in 2008, "a non-political, non-profit organization," created to "provide [spinal cord

6  injury] survivors and their families with support to aid in the life-long process towards recovery."

7  See https://www.lgof.org/about_us .  The Life Goes on Foundation works "nationally to advance

8  the personal independence and wellness of individuals living with disabilities."  Plaintiff prides

9  himself on not just his independence but on empowering other disabled persons, including

10  coaching for the Junior Warriors children's wheelchair basketball team.  A news report video

11  depicting the charity work that Plaintiff has done and his interactions with several NBA Warriors

12  players can be seen here: https://abc7news.com/community-events/paralyzed-dubs-fan-inspires-

13  community-and-the-warriors/5264759/.

14        15.      Plaintiff is a disabled person resulting from a spinal cord injury that he suffered

15  because of a random act of gun violence by a stranger in 2008. His spinal cord between the T2

16  and T3 vertebrae is severed. He has no feeling from his chest downward, and is unable to walk or

17  climb stairs. He uses a manual wheelchair and has good upper body strength from working out

18  and playing wheelchair basketball. Plaintiff relies on businesses and other public places to

19  provide accessible facilities so that he can carry out necessary tasks of daily living on an

20  independent basis.

21        16.      One of Plaintiff's close friend's father passed away from Covid-19, and Plaintiff's

22  friend asked him to attend the funeral to support him in his grief.  This was the second funeral

23  Plaintiff had attended within two months under similar circumstances.  Of course Plaintiff agreed

24  to attend.  The funeral was scheduled to take place on April 6, 2021, between 9 am and 12 pm.

25  Plaintiff did not want to be late.  Although it was only a 15 minute drive, he left early at 8:15 in

26  Hayward, California, and drove himself to Grissom's Chapel and Mortuary in San Lorenzo,

27  California.  When Plaintiff arrived at the funeral home around 8:30 am, he drove through the

28  parking lot of the facility to look for an accessible parking space.  Although there were, on

information and belief, approximately 30 parking spaces in the Grissom's Chapel and Mortuary parking lot, Plaintiff saw only one designated accessible parking space.[1]  Since that space was already occupied, Plaintiff went in search for a parking space on the street that would be safe for him to park in.  Plaintiff also noticed that even had he been able to park in the designated "accessible" parking space, there was not curb ramp that would allow him to use the walkway adjacent to the building.  Also the path from the disabled parking to the front entrance was blocked by a mechanical device protruding from the building into the designated accessible walkway.  These barriers meat that Plaintiff or any other disabled person who used the disabled parking space would have to travel in the vehicular driveway to reach the front entrance.

17.     Grissom's Chapel and Mortuary is located on a busy street in San Lorenzo.  It is difficult for Plaintiff to exit his vehicle from the driver's side of the car when he parks on a busy street because he needs to be able to assemble his wheelchair on the driver's side of the car before he transfers out of the car and into the wheelchair.  Therefore, rather than park on the busy street, Plaintiff began to look for parking spaces on side streets which would allow him a safer exit from his vehicle.

18.     After driving around the neighborhood for at least 30 minutes, Plaintiff finally located a relatively safe parking space on a quieter street a few blocks from Grissom's Chapel and Mortuary.  He put his wheelchair together, transferred into it from his vehicle, and pushed himself to the funeral home.  When he arrived at the boundary of the site, he saw that there was no accessible route to the entrance for him to use.  He was forced to push himself through a long vehicular driveway to reach the front entrance.  By the time Plaintiff arrived, it was 9:30 am, and the funeral service had already begun.  A few of Plaintiff's friends were still waiting for him outside of Grissom's Chapel and Mortuary.  He greeted his friends, and the group headed towards the door.

19.     As he exited the public sidewalk and entered Defendants' property, Plaintiff saw that the only path of travel accessible to him required him to travel in the vehicular driveway due

---

[1] A parking lot with excess of 25 spaces is required to have two accessible parking spaces, not one. 2010 ADAS § 208.2; 1991 ADAAG § 4.1.2(5)(a); 2019 Cal. Bldg. Code 11B-208.2.

to the lack of a curb cut or ramp at the beginning of the sidewalk. There was a ramp part way down the sidewalk, but as he approached it, Plaintiff saw that even if wheeled up the ramp, the sidewalk was too narrow to be accessible due to an object protruding from the wall between the curb ramp and the entrance to Grissom's Chapel and Mortuary. Therefore, Plaintiff was forced to push himself in the vehicular path of travel all the way from the property line until he reached the main entrance to the funeral home. While traveling down the vehicular path of travel, Plaintiff's friends had to shield him from oncoming cars who were exiting the funeral home parking lot, because Plaintiff can be more difficult to see than a standing pedestrian while he is traveling in his wheelchair.

20. Plaintiff and his friends entered Grissom's Chapel and Mortuary, and they found the room where the visitation and funeral service was being held. The room was set up in a way that made it difficult for Plaintiff to participate in the funeral service. The room had approximately ten rows of pews which were fixed to the floor on either side of a central aisle. There was also a row of moveable chairs at the very back of the room. The casket was at the front of room, and people were viewing the body before and after the service by traveling up and down the center aisle between the rows of pews.

21. Upon entering the room where the service was being held, Plaintiff saw that his choices for seating would be very limited. His friends sat down in the pews, but there was no way for Plaintiff to transfer from his wheelchair to the pews, so he looked for alternative seating. There was also no designated wheelchair seating, so Plaintiff ended up having to sit in his wheelchair at the very back of the center aisle, slightly behind the last row of pews and away from his friends. Plaintiff's wheelchair was impeding the people traveling up and down the center aisle making it more difficult for people to get to their seats and view the body, but he had no other choice of seating. The placement of his wheelchair caused Plaintiff embarrassment and unwanted attention from other funeral attendees.

22. Although the funeral service was scheduled to last until 12 pm, Plaintiff decided to leave early at around 11 am due to the embarrassment and difficulty the barriers to access at Grissom's Chapel and Mortuary were causing him. Plaintiff said a quick farewell to his friends

1  and pushed himself back to his car feeling dejected and disappointed that he was unable to
2  support his friend through the loss of his father.

3      23.    The above referenced barriers to access are listed without prejudice to Plaintiff
4  citing additional barriers to access by an amended complaint after inspection by Plaintiff's access
5  consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*
6  524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.
7  2011).  All of these barriers to access render the premises inaccessible to physically disabled
8  persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter
9  when he returns to the premises.  All facilities must be brought into compliance with all
10  applicable federal and state code requirements, according to proof.

11      24.    Further, each and every violation of the Americans with Disabilities Act of 1990
12  also constitutes a separate and distinct violation of California Civil Code section 54(c) and
13  54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to
14  California law, including but not limited to Civil Code sections 54.3 and 55.

15      25.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and
16  omissions of Defendants as complained of herein which are continuing on a day-to-day basis and
17  which have the effect of wrongfully excluding Plaintiff and other members of the public who are
18  physically disabled from full and equal access to these public facilities.  Such acts and omissions
19  are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions
20  continue to treat Plaintiff as an inferior, and second-class citizen.  They serve to discriminate
21  against him on the sole basis that he is a person with disabilities who requires the use of a
22  wheelchair or other assistive device for movement in public places, including the addition of fully
23  complaint accessible parking and accessible paths of travel from the parking to the entrance of the
24  funeral home.  Such alterations, on information and belief, would not be very expensive or
25  difficult to do in order to provide a fully accessible parking, paths of travel, and seating.  Such
26  work could likely be accomplished for a few thousand dollars and would not require building
27  permits.

28      26.    Plaintiff is deterred from returning to use these facilities, because the lack of

1  access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff
2  is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to
3  and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Grissom's
4  Chapel and Mortuary and its facilities, and is deterred from further patronage until these facilities
5  are made properly accessible for disabled persons.  Plaintiff intends to return for "pre-need"
6  funeral arrangements, and will return to the subject premises if it is made accessible to shop for
7  these services and price other funeral related service.   Further, the subject funeral home is a
8  frequently used facility near Plaintiff's home in the Bay Area, and Plaintiff will likely need to
9  return for one or more funerals in the future.

10  27.  The acts of Defendants have proximately caused and will continue to cause
11  irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to
12  all inaccessible areas of the premises that he has personally encountered, and, as to all areas
13  identified during this litigation by Plaintiff's access consultant, that he or other physically
14  disabled persons may encounter in the future.  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.
15  2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs
16  Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own,
17  operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent
18  injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full
19  and equal access for disabled persons, and for reasonable statutory attorney fees, litigation
20  expenses and costs.

21  28.  Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any
22  continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways
23  complained of and to require Defendants to comply forthwith with the applicable statutory
24  requirements relating to access for disabled persons.  Such injunctive relief is provided by
25  California Health & Safety Code section 19953 and California Civil Code section 55, and other
26  law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3
27  and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code
28  section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other


1  law, all as hereinafter prayed for.

2      29.    **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from returning to attempt to patronize Grissom's Chapel and Mortuary and will continue to cause him damages each day these barriers to access continue to be present.

    30.    **TREBLE DAMAGES:** Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of their public facilities were and are and will be physically disabled persons, including mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  This is particularly so given that funeral services are disproportionately used by elderly and disabled persons who Defendants are aware require accessible restroom and parking facilities.  Despite this knowledge, Defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendants have ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  On information and belief, Defendants maintained these architectural barriers despite actual knowledge that Plaintiff and other disabled individuals would be unable to fully access the

1  funeral home and encounter illegal barriers which would deny them full and equal access when
2  they attempt to do so.

3        31.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable
4  diligence should have known, that their barriers and practices at the subject facilities violated
5  disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff
6  and upon other physically disabled persons, but Defendants have failed to rectify the violations,
7  and presently continue a course of conduct of maintaining architectural and policy barriers that
8  discriminate against Plaintiff and similarly situated disabled persons.  Furthermore, funeral home
9  services should comfort those who are grieving, not cause grief.  For the foregoing reasons,
10 Plaintiff alleges that an award of statutory treble damages is appropriate.

11       32.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,
12 Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by
13 statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access
14 for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore
15 seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the
16 provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section
17 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their
18 facilities accessible to all disabled members of the public, justifying "public interest" attorney
19 fees, litigation expenses and costs pursuant to the provisions of California Code of Civil
20 Procedure section 1021.5 and other applicable law.

21       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

25       33.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the
26 factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them
27 herein as if separately re-pleaded.

28       34.    At all times relevant to this complaint, California Civil Code section 51 has

1  provided that physically disabled persons are free and equal citizens of the state, regardless of
2  medical condition or disability:

3  > All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
4
5

6  Civil Code § 51(b). [Emphasis added.]

7  35.  California Civil Code section 52 provides that the discrimination by Defendants
8  against Plaintiff on the basis of his disability constitutes a violation of the general anti-
9  discrimination provisions of sections 51 and 52.

10  36.  Each of Defendants' discriminatory acts or omissions constitutes a separate and
11  distinct violation of California Civil Code section 52, which provides that:

12  > Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.
13
14
15

16  37.  Any violation of the Americans with Disabilities Act of 1990 also constitutes a
17  violation of California Civil Code section 51(f), thus independently justifying an award of
18  damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per
19  Civil Code section 51(f), "A violation of the right of any individual under the Americans with
20  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

21  38.  The actions and omissions of Defendants as herein alleged constitute a denial of
22  access to and use of the described public facilities by physically disabled persons within the
23  meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'
24  action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code
25  sections 51 and 52, and are responsible for statutory, compensatory and treble damages to
26  Plaintiff, according to proof.

27  39.  **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct,
28  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

1  statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for
2  disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore
3  seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the
4  provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is
5  intended to require that Defendants make their facilities and policies accessible to all disabled
6  members of the public, justifying "public interest" attorney fees, litigation expenses and costs
7  pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other
8  applicable law.

9  WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter
10  stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

13  40.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,
14  the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them
15  herein as if separately re-pleaded.

16  41.    In 1990 the United States Congress made findings that laws were needed to more
17  fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"
18  that "historically, society has tended to isolate and segregate individuals with disabilities;" that
19  "such forms of discrimination against individuals with disabilities continue to be a serious and
20  pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities
21  are to assure equality of opportunity, full participation, independent living, and economic self-
22  sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary
23  discrimination and prejudice denies people with disabilities the opportunity to compete on an
24  equal basis and to pursue those opportunities for which our free society is justifiably famous..."
25  42 U.S.C. §12101.

26  42.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation
27  Act and in the Americans with Disabilities Act of 1990.

28  43.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

44. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "funeral parlor." 42 USC § 12181(7)(F).

45. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

46. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

47. The ability to park. safely enter facilities on an accessible path of travel, and having an accessible place to sit is a fundamental necessity of accessing and using a funeral parlor. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a funeral parlor, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

48. On information and belief, as of the dates of Plaintiff's encounters at the premises

16
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

49. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Grissom's Chapel and Mortuary and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

50. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff ARTHUR RENOWTIZKY entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

51. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff ARTHUR RENOWITZKY is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property

1  and premises, or attempt to use Grissom's Chapel and Mortuary, in light of Defendants' policies
2  and physical premises barriers.
3      WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

5      Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this
6  Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the
7  unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless
8  Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and
9  opposing legal positions as to Defendants' violations of the laws of the United States and the
10  State of California. The need for relief is critical because the rights at issue are paramount under
11  the laws of the United States and the State of California.
12      WHEREFORE, Plaintiff ARTHUR RENOWITZKY prays for judgment and the
13  following specific relief against Defendants:
14      1.    Issue a preliminary and permanent injunction directing Defendants as current
15  owners, operators, lessors, and/or lessees of the subject property and premises to modify the
16  above described property, premises, policies and related facilities to provide full and equal access
17  to all persons, including persons with physical disabilities; and issue a preliminary and permanent
18  injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide
19  facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide
20  full and equal access, as required by law, and to maintain such accessible facilities once they are
21  provided; to cease any discriminatory policies, and to train Defendants' employees and agents in
22  how to recognize disabled persons and accommodate their rights and needs;
23      2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that
24  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically
25  inaccessible public facilities and policies as complained of herein no longer occur, and cannot
26  recur;
27      3.    Award to Plaintiff all appropriate damages, including but not limited to statutory
28  damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: May 21, 2021

*/s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
ARTHUR RENOWIZTKY

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: May 21, 2021                                    REIN & CLEFTON

*/s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
ARTHUR RENOWITZKY

19